UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BURCH,<br><br>      Plaintiff,<br><br>      v.<br><br>AUSTIN SULICH,<br>BRAD CASE,<br>SHARON LEE,<br>D POMEROY,<br>B ZAMBRANA,<br><br>      Defendants. | CAUSE NO.: 3:18-CV-509-JD-MGG |

OPINION AND ORDER

James Burch, a prisoner without a lawyer, filed a complaint alleging that five correctional officers used excessive force against him on July 3, 2016, at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burch alleges he was assaulted twice on July 3, 2016. First, he recounts that around 3:53 p.m., he was eating in the cafeteria. For no reason at all, Sergeant Austin Sulich ordered him to stop eating and violently grabbed Burch's arm, causing severe

pain. Burch tried to "defend" himself from Sergeant Sulich's attack, which further upset Sergeant Sulich. Consequently, Sulich started punching Burch in the head and face and even tried to poke out Burch's eyeball. Sulich then violently slammed Burch to the ground and "whispered to Burch that Sulich and his co-worker Sergeants were going to beat Burch's ass when they were out of the view of any facility cameras." ECF 2 at 15.

A few minutes later, Sergeant Sulich along with Officer Brad Case, Officer Sharon Lee, Officer D. Pomeroy and Officer B. Zambrana escorted Burch to a secluded holding cell so that they could beat him up. These five defendants attacked and beat Burch for approximately one and one-half hours.

Burch alleges that the officers' actions constitute excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Based on the facts alleged and giving Burch all the inferences to which he is entitled at this stage of the proceedings, he has stated a claim against these five officers for using excessive force against him in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS James Burch leave to proceed against Sergeant Austin Sulich in his individual capacity for money damages for using excessive force against Burch in the cafeteria on July 3, 2016, in violation of the Eighth Amendment;

(2) GRANTS James Burch leave to proceed against Sergeant Sulich, Officer Brad Case, Officer Sharon Lee, Officer D. Pomeroy and Officer B. Zambrana in their individual capacities for money damages for using excessive force against Burch in the secluded holding cell on July 3, 2016, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Sulich, Officer Brad Case, Officer Sharon Lee, Officer D. Pomeroy and Officer B. Zambrana at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Sergeant Sulich, Officer Brad Case, Officer Sharon Lee, Officer D. Pomeroy and Officer B. Zambrana to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 13, 2018

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT