UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES BURCH,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-509-JD-MGG

AUSTIN SULICH, et al.,

    Defendant.

OPINION AND ORDER

James Burch, a prisoner without a lawyer, was granted leave to proceed on a claim against Sergeant Austin Sulich for using excessive force against Burch in the cafeteria on July 3, 2016, in violation of the Eighth Amendment. He was also granted leave to proceed against Sergeant Sulich, Officer Brad Case, Officer Sharon Lee, Officer D. Pomeroy, and Officer B. Zambrana for using excessive force against Burch in the secluded holding cell on July 3, 2016, in violation of the Eighth Amendment. Burch alleges that the defendants assaulted him twice on July 3, 2016. The first assault occurred in the cafeteria when Sergeant Sulich punched him in the head and face and tried to poke out his eyeball. The second assault occurred in a secluded holding cell where all five defendants attacked and beat him for approximately one and one-half hours. The defendants filed the instant motion for summary judgment arguing that Burch failed to exhaust his administrative remedies. Burch did not file a response, although he was warned of the consequences of failing to respond. (ECF 37.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to

pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Burch was incarcerated at the Westville Correctional Facility from October 6, 2016, until February 6, 2019. (ECF 35-1 at ¶ 15.) The grievance policy for the Indiana Department of Correction (IDOC) in effect when Burch was housed at the Westville Correctional Facility consisted of three stages: an informal complaint, a formal complaint, and a formal appeal. (*Id.* at ¶10; ECF 35-2 at 3.) Complaints that involve actions of individual staff, like the actions alleged in Burch's complaint, are issues that may be grieved. (*Id.* at ¶¶ 13, 18; ECF 35-2 at 4.) To exhaust the grievance procedure, an offender must pursue an appeal to the final step and must complete each step within the timeframe outlined in the Offender Grievance Process. (*Id.* at ¶¶ 11-12, ECF 35-2 at 20-21.) The process must be completed before filing a lawsuit. 42 U.S.C. § 1997e(a).

According to IDOC's grievance records, Burch did not submit a formal grievance that relates to the claims of this lawsuit. (*Id.* at ¶ 22.) IDOC records show that Burch did not file any formal grievance between August 28, 2011, and June 18, 2018, and has never once properly exhausted the Offender Grievance Process during his time in IDOC custody. (*Id.* at ¶¶ 20, 23; ECF 35-3.)

Burch has attached copies of his informal complaint (ECF 2-1 at 4) and formal complaint (ECF 2-1 at 5) as exhibits to his prisoner complaint; however, even if those documents were properly submitted in accordance with the Offender Grievance Process, he has not produced documentation that shows he also filed a formal appeal. While the court may consider these records, here doing so would not change the outcome. *See* Fed. R. Civ. P. 56(c)(3) (stating that "[t]he court need consider only the cited materials, but it may consider other materials in the record.") While Burch noted on his informal and formal complaint forms that he had not received responses to either complaint, the Offender Grievance Process mandates that "[i]f the offender receives no grievance response within twenty (20) business days of being investigated by the facility Offender Grievance Specialist, the offender may appeal as though the grievance had been denied." ECF 35-2 at 21. In other words, when Burch did not receive a response to his formal complaint, he was required to take the next step and file an appeal. While Burch attached copies of his first and second level appeal documents in his prison disciplinary case, WCC 16-07-10 (ECF 2-1 at 7, 8) to his complaint, those documents have no relevance to whether he exhausted his administrative remedies as to the claims raised in this lawsuit. Furthermore, while Burch claims a prison officer told him that others had tampered with his mail (ECF 43 at 2), he has produced no evidence to support that allegation.

The undisputed evidence shows that Burch initiated this lawsuit without exhausting his administrative remedies because he did not file a formal appeal as required by the Offender Grievance Process. There is no evidence that the grievance

4

process was made unavailable to him. Therefore, the court must grant the defendants' summary judgment motion.

For these reasons, the court GRANTS the defendants' motion for summary judgment (ECF 35). This case is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997(e)(a).

SO ORDERED on August 6, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT